**Montana Eleventh Judicial District Court.**
**County of Flathead.**

**STATE OF MONTANA,**
    **Plaintiff,**
-vs-
**RAELENE MAE EVANS,**
    **Defendant.**

**CAUSE NO. DC-15-205**
**DECISION**

On April 21, 2016, the Court sentenced the defendant to a commitment to the Department of Corrections for a period of five (5) years with recommendations for placement at Passages and ISP, for the offense of Criminal Possession Dangerous Drugs, a Felony, in violation of §45-9-102(1), MCA. The Court ordered the sentence run concurrently with the sentence in DC-15-361. The Court granted the defendant credit for one hundred fifty three (153) days served in custody pending final disposition in this matter.

On October 7, 2016, the Defendant's Application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court (hereafter "the Division").

The Defendant was present and was represented by Peter Ohman, of the Office of the State Public Defender. The State was not represented.

Before hearing the Application, the Defendant was advised that the Division has the authority not only to reduce the sentence or affirm it, but also increase it. The Defendant was further advised that there is no appeal from a decision of the Division. The Defendant acknowledged that she understood this and stated that she wished to proceed.

Rule 12, Rules of the Sentence Review Division of the Supreme Court of Montana, provides that, "The sentence imposed by the District Court is presumed correct. The sentence shall not be reduced or increased unless it is clearly inadequate or clearly excessive." (Section 46-18-904(3), MCA).

It was presented to the Division that this was the Defendant's first felony. The Defendant was found in possession of a single Lortab and the other possession charge was dismissed. However, the Court sentenced the Defendant to the maximum sentence. Mr. Ohman recommended a sentence reduction on the grounds that the Defendant's rehabilitation and treatment needs outweighed any public interest in the maximum custodial sentence.

It is the majority decision of the Division that the sentence imposed is clearly excessive, based on the Defendant's lack of a prior felony record, the

nature of the possession offense at issue, the fact that the instant crime did not involve injury to the person or property of another, and the Defendant's clear need for treatment. Therefore, it is the majority decision of the Division to amend the Judgment to **DECREASE** the sentence as follows:

**The Defendant is sentenced to a Commitment to the Department of Corrections for a term of five (5) years, with three (3) years suspended, with recommendations for placement at Passages and ISP, for the offense of Criminal Possession of Dangerous Drugs, a Felony, in violation of §45-9-102(1), MCA. The Court orders the sentence to run concurrently with the sentence in DC-15-361. The Court grants the defendant credit for one hundred fifty three (153) days served in custody pending final disposition in this matter. The remaining terms and conditions of the sentence imposed are not clearly inadequate or clearly excessive and are AFFIRMED.**

Done in open Court this 7th day of October, 2016.

DATED this 28th day of October, 2016.

Hon. Brenda Gilbert, Chairperson and Hon. Brad Newman.

Hon. Kathy Seeley dissents. Judge Seeley finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is clearly inadequate or clearly excessive, in that the Defendant signed a joint plea agreement prior to sentencing, where she agreed to the sentence that was imposed by the Court.